829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Troy Edgar MULLINS, Appellant,
v.
Patricia Roberts HARRIS, Secretary of Health and Human
Services, Appellee.
 No. 85-2168
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1987.
Decided September 11, 1987.
 
 Richard Engram, Jr., on brief, for appellant.
 David A. Faber, United States Attorney, Marye L. Wright, Assistant United States Attorney, Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Assistant Regional Counsel, Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, on brief, for appellee.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Troy Mullins filed for social security disability benefits in October 1979, asserting that he could no longer work due to chronic back pain and difficulty in breathing. After an initial denial, Mullins requested a hearing before an Administrative Law Judge (ALJ). The ALJ denied benefits, and the Appeals Council declined to review the case. Mullins then filed suit in the district court. The district court upheld the denial of benefits by the Secretary of Health and Human Services. Mullins appeals the district court's decision. We affirm.
 
 
 2
 Troy Mullins worked as a tipple operator in a coal mine from 1976 to 1979. That job involved climbing stairs, which Mullins can no longer perform due to his chronic back injury and breathing problems. In addition, the dusty air aggravated Mullins' breathing difficulties.
 
 
 3
 The ALJ found that Mullins could not perform his former work as a tipple operator. The ALJ, comparing Mullins' back X-ray and breathing tests from 1975 and 1979, found they showed essentially similar capabilities. The ALJ then concluded that Mullins retained a residual functional capacity to perform light work,* with the restrictions that the air could not be dusty or damp and that the job could not involve climbing stairs. A vocational expert reported that there were jobs in the national economy that a person with those restrictions could perform.
 
 
 4
 We find the ALJ's decision is supported by substantial evidence. At least three physicians examined Mullins and the third physician, whose findings were substantiated by medical records, felt that Mullins was capable of doing light work. His opinion was bolstered by the report of the West Virginia state agency.
 
 
 5
 The doctors' opinions that Mullins is disabled do not explain what clinical findings support the conclusion. The reports provide no evidence explaining how Mullins' condition in 1979 had worsened so that he could no longer work. In addition, Mullins' testimony did not establish that he could not work at less strenuous jobs. We grant the parties' motion to proceed on the briefs and affirm the judgment below.
 
 
 6
 AFFIRMED.
 
 
 
 *
 20 C.F.R. 404.1567(b) states:
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.